No. 65,658

In the Matter of KENT ALAN ROTH, *Respondent.*

(803 P.2d 1028)

Opinion filed January 18, 1991.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for the petitioner.

*Kent Alan Roth* appeared pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the disciplinary administrator against Kent Alan Roth, of Great Bend, an attorney admitted to the practice of law in Kansas.

The complaint filed against respondent is in two counts. The first count alleges violations of MRPC 7.3 (1990 Kan. Ct. R. Annot. 283) (direct contact with prospective clients) and MRPC 8.4(g) (1990 Kan. Ct. R. Annot. 290) (engaging in other conduct that adversely reflects on the lawyer's fitness to practice law). The second count alleges violations of MRPC 4.1 (1990 Kan. Ct. R. Annot. 270) (making a false statement of material fact to a third person in the course of representing a client), MRPC 4.3 (1990 Kan. Ct. R. Annot. 272) (dealing with an unrepresented person), MRPC 8.4(c) (engaging in conduct involving misrepresentation), MRPC 8.4(d) (engaging in conduct prejudicial to the administration of justice), and MRPC 8.4(g) (engaging in conduct that adversely reflects on the lawyer's fitness to practice. law).

The respondent and the disciplinary administrator stipulated to the facts and that, as to count I, respondent's conduct in contacting the mother before and at the funeral of her son constitutes a violation of MRPC 8.4(g) and that his contacting the mother of a child purportedly fathered by the deceased, constitutes a violation of MRPC 7.3.

As to count II, respondent stipulated that his conduct concerning Mary Helen Misegadis constitutes a violation of MRPC 8.4(g).

The hearing panel of the Board for Discipline of Attorneys found, as to count I, that respondent had contacted the mother of a young man who had been killed in a work-related accident. The first contact was by telephone before the funeral and the second contact was at the funeral. The purpose of both contacts was to obtain information concerning the whereabouts of a young woman who had given birth to a child who was allegedly the son of the deceased worker.

Respondent, having obtained the name and address of the child's mother, who lived in a different town, went to her home. He talked to her about representing the child in a workers compensation case arising out of the death of the worker and entered into a written contract to do so. The panel concluded respondent violated MRPC 8.4(g) when he contacted the mother before and at the funeral of her son and violated MRPC 7.3 when he personally contacted the mother of the child alleged to be the child of the deceased worker.

As to count II, the panel found the respondent contacted Mary Helen Misegadis in connection with his represention of an individual in a workers compensation case. He did not disclose to Misegadis that he wanted her services for a workers compensation case. He told her he was seeking competency testing for his client.

After the testing was completed, Misegadis realized the respondent wanted her to serve as a witness in a workers compensation case. She advised respondent she was not qualified to state the opinions and findings requested by respondent and did not want to be involved in a workers compensation case.

Misegadis next received a cover letter from the respondent with a proposed opinion letter for the complainant's signature. The draft did not accurately represent the content of Misegadis' conference with the respondent, and she refused to sign it.

Respondent then appeared at Misegadis' place of employment with a subpoena for her to appear for a deposition (Misegadis had earlier refused his request to appear for a deposition). Respondent, without stating his intention, walked past Misegadis' secretaries, interrupted a meeting that was in progress, and dropped the subpoena in front of Misegadis. The panel found his conduct violated MRPC 8.4(g).

The disciplinary administrator's office recommended public censure as appropriate punishment. Two of the three panel members noted the problems in this case occurred while respondent was suffering depression after the death of his mother, who died as a result of brain cancer. The respondent has had no prior discipline from the disciplinary administrator. Two panel members recommended public censure. The third panel member recommended private censure.

Respondent filed no exceptions to the report of the panel.

The court, having considered the record herein and the report of the panel, and, after considering the mitigating factors, accepts and concurs in the findings, conclusions, and recommendations of the hearing panel majority.

IT IS THEREFORE ORDERED that Kent Alan Roth be, and he is hereby, disciplined by public censure in accordance with Supreme Court Rule 203(a)(3) (1990 Kan. Ct. R. Annot. 137) for his violations of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein be assessed to the respondent.